**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.

JASON TURKOVICH,

Plaintiff,

vs.

BRUMATE HOLDINGS INC.,

Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff, **JASON TURKOVICH ("Plaintiff")**, by and through his undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the d Complaint and Demand for Jury Trial against Defendant **BRUMATE HOLDINGS INC. ("Defendant" or "Brumate")**, and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant designs, manufactures, markets, imports, distributes and sells consumer products, including the subject "BruTank 55 Quart Cooler." (referred to hereafter as "Cooler(s)").

2. On or about the morning of September 14, 2025 Plaintiff and his family were getting ready to go to breakfast. The subject cooler was sitting the back seat of Plaintiff's rental car; as the family had used it for a football game the day before.

3. Plaintiff needed to back room in the back seat of the rental car. As he was pulling it out of the backseat, the tow handle of the subject cooler the handle suddenly and unexpectedly extended. As it extended, Plaintiff's right pink finger became trapped in space between the tow handle and the hard surface of the cooler; resulting a partial amputation of Plaintiff's finger.

4. The incident occurred as a result of the defective design of the subject cooler, which allowed Plaintiff's hand to pinched between the tow handle and cooler during the normal, foreseeable use of the product.

5. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell their Coolers to consumers; sold their Coolers with a defective design, despite the extensive knowledge that the aforementioned injuries could and do occur; and failing to warn said consumers of the serious risks posed by the defects.

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF JASON TURKOVICH**

7. Plaintiff is a resident, citizen and domiciliary of the city of Bonita Springs, County of Lee, State of Florida.

8. 2On or about the morning of September 14, 2025 Plaintiff suffered serious and substantial injuries as the direct and proximate result of his finger being crushed between the tow handle and body of the subject cooler.

**BRUMATE HOLDINGS INC**

9. Defendant Brumate Holdings Inc. is a Delaware Corporation with its principal place of business located at 7 720 S Colorado Blvd, PH-S #54, Denver, CO 80246. At all times relevant, Brumate substantially participated in the distribution, design, manufacture, and sale of the subject cooler, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391is that Defendant's principle place of business is located in this district.

## FACTUAL BACKGROUND

13. Defendant designs, manufactures, markets, imports, distributes and sells consumer products, including the subject cooler at issue in this case.

14. On or about the morning of September 14, 2025 Plaintiff and his family were getting ready to go to breakfast. The subject cooler was sitting the back seat of Plaintiff's rental car; as the family had used it for a football game the day before.

15. Plaintiff needed to back room in the back seat of the rental car. As he was pulling it out of the backseat, the tow handle of the subject cooler the handle suddenly and unexpectedly extended. As it extended, Plaintiff's right pink finger became trapped in space between the tow handle and the hard surface of the cooler; resulting a partial amputation of Plaintiff's finger.

16. The incident occurred as a result of the defective design of the subject cooler, which allowed Plaintiff's hand to pinched between the tow handle and cooler during the normal, foreseeable use of the product.

17. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its coolers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Coolers regardless of the risk of significant injuries to Plaintiff and consumers like him.

18. By reason of the forgoing acts or omissions, the above-named Plaintiff's family purchased their cooler with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for their intended, foreseeable use.

19. However, the aforementioned Cooler was defectively designed by Defendant, placing the Plaintiff, his family, and similar consumers in danger while using the coolers.

20. Defendants' coolers possess defects that make them unreasonably dangerous for their intended use by consumers because of the risks of crush injuries described herein.

21. Economic, safer alternative designs were available that could have prevented the towing handle from crushing a consumer's digits against it.

22. As a direct and proximate result of Defendant's concealment of such defects, it's failure to warn consumers of such defects, its failure to timely remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Cooler, which resulted in significant and painful bodily injuries

23. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's Cooler as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY – DESIGN DEFECT

24. Plaintiff brings his claim for strict products liability - design defect under the consumer expectation test, in that an ordinary, reasonable consumer would not expect that the design of the handle of the subject Cooler would allow a consumer's digits to be becomes pinched between the tow handle and cooler during the normal, foreseeable use of the product.

25. At all relevant times, Defendant was engaged in the design, manufacture, assembly, marketing, distribution, and sale of the subject cooler.

26. The subject cooler was defectively designed and unreasonably dangerous for its intended and foreseeable use by consumers, including Plaintiff, in that an ordinary, reasonable consumer would not expect that the design of the handle of the subject cooler would allow a consumer's digits to be pinched between the tow handle and cooler during the normal, foreseeable use of the product – for example, during the simple act of sliding the cooler out of a vehicle.

27. At the time it was sold and when Plaintiff purchased and used it, the subject cooler contained a design defect in its tow handle that created an unreasonable risk of injury. Specifically, due to the defective design in the tow handle, the cooler failed to operate safely and effectively in a foreseeable and intended manner in that ordinary, reasonable consumer would not expect that the design of the tow handle of the subject cooler could and would allow a consumer's digits to be pinched between the tow handle and cooler during the normal, foreseeable use of the product.

28. Defendant was negligent in that it failed to design the tow handle of the subject Cooler to guard against the dangers posed by its tow handle during its ordinary, foreseeable use – such as being slide out of a vehicle.

29. The design defect in the tow handle existed at the time the cooler left Defendant's possession and was introduced into the stream of commerce.

30. Plaintiff's purchase and use of the cooler was the very type of use that Defendant intended and foresaw when designing and marketing the product.

31. Defendant expected and intended the subject cooler to reach consumers, including Plaintiff, without any substantial changes or modifications from the condition in which it was sold.

32. Due to the defective design of the subject coolers tow handle, the cooler failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

33. Further, a reasonable consumer would not expect that the design of the tow handle of the subject cooler would allow a consumer's digits to be pinched between the tow handle and cooler during the normal, foreseeable use of the product.

34. The dangerous nature of the Igloo Cooler's tow handle design was not open or obvious and could not have been reasonably detected by Plaintiff or any reasonable consumer prior to use.

35. As a direct and proximate result of Defendant's defective design of the tow handle of its Coolers, including the subject Cooler, the Plaintiff in this case suffered injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## SECOND CAUSE OF ACTION

## NEGLIGENCE/NEGLIGENT DESIGN DEFECT

36. At all relevant times, Defendant Igloo Products Corp. was engaged in the design, manufacture, assembly, marketing, distribution, and sale of the subject Cooler.

37. Defendant has a duty of reasonable care to market and sell non-defective coolers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

38. Defendant failed to exercise ordinary care in the design of its coolers in that Defendant knew or should have known that said coolers created a high risk of unreasonable harm to the Plaintiff and consumers alike due to the dangers posed by its tow handle under ordinary use.

39. Specifically, due to the defective design, the cooler failed to operate safely and effectively in a foreseeable and intended manner in that ordinary, reasonable consumer would not expect that the design of the handle of the subject cooler would allow a consumer's digits to be pinched between the tow handle and cooler during the normal, foreseeable use of the product – for example, while sliding the cooler out of a vehicle.

40. Defendant was negligent in the design of its coolers in that, among other things, it:

a. Designed the tow handle of the subject cooler in a manner that would allow a consumer's digits to be pinched between the tow handle and cooler during the normal, foreseeable use of the product; creating an unreasonably high likelihood that a user of the subject cooler would become injured by the subject cooler in the course of its foreseeable use.

b. Failed to properly design and sell the tow handle of the coolers, despite having extensive knowledge that the aforementioned injuries could and did occur;

c. Failed to adequately test the tow handle of its coolers; and

d. Failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiffs' injuries and damages.

41. Plaintiff's injuries were not caused or contributed to by any negligence or fault of Plaintiff.

42. As a direct and proximate result of Defendant's negligence and the negligent design of its coolers, including the subject cooler, the Plaintiff in this case suffered injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

43. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

44. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

45. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the crush injury he suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic, non-economic to compensate the Plaintiff for his injuries and suffering sustained because of the use of the Defendant's defective cooler;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof; and

F. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Amended Complaint and in the foregoing Prayer for Relief.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

Respectfully Submitted,

Dated: August 24, 2026

**JOHNSON BECKER, PLLC**

*/s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq.
Anna R. Rick, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***